UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | 2:19-CR-00093-DCLC-CRW |
| v. | ) ) | |
| CEDRIC MARCUS HARDY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 122].

**I.    BACKGROUND**

On December 17, 2020, Defendant pleaded guilty to one count of conspiracy to distribute 280 grams or more of a mixture or substance containing crack cocaine [*See* Docs. 54, 57]. Based on an offense level of 31 and criminal history category of II, Defendant's guideline range was 121 to 151 months [Doc. 84, pg. 1]. The Court sentenced Defendant at the top of that range to 151 months [Doc. 83, pg. 2]. Defendant is currently housed at FCI Atlanta, and his projected release date is September 10, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 3, 2024). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 122].

**II.    ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C.

1

§ 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant is not a zero-point offender. At the time of sentencing, he received two criminal history points, none of which were status points. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 122] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge